# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:14cv209

| | |
|---|---|
| FLOYD BUCHANAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM AND** |
| CAROLYN W. COLVIN, ) | **RECOMMENDATION** |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for disability benefits. This case came before the Court on the administrative record and the parties' Motions for Summary Judgment [# 10 & # 12]. The Court **RECOMMENDS** that the District Court **DENY** the Commissioner's Motion for Summary Judgment [# 12], **GRANT** Plaintiff's Motion for Summary Judgment [# 10], and **REMAND** the decision of the Commissioner.

## I. Procedural History

Plaintiff filed an application for disability insurance benefits on June 17, 2011. (Transcript of Administrative Record ("T.") 192.) The application had a

protective filing date of June 13, 2011. (T. 64, 66.) Plaintiff alleged an onset date of June 13, 2011. (T. 192.) The Social Security Administration denied Plaintiff's claim. (T. 117.) Plaintiff requested reconsideration of the decision (T. 122), which was also denied (T 128). A disability hearing was then held before an Administrative Law Judge ("ALJ"). (T. 15-64.) The ALJ then issued a decision finding that Plaintiff was not disabled under Section 216(i) and 223(d) of the Social Security Act. (T. 101-111.) Plaintiff requested review of the ALJ's decision, which was denied by the Appeals Council. (T. 1-7.) The Appeals Council did accept new evidence into the record, but found that it did not require remand. (T. 1-7.) Plaintiff then brought this action seeking review of the Commissioner's decision.

## II. Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A); see also Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653

(4th Cir. 2005).  Under this inquiry, the Commissioner must consider in sequence: (1) whether  a claimant is gainfully employed; (2) whether a claimant has a severe impairment that significantly limits his ability to perform basic work-related functions; (3) whether the claimant's impairment meets or exceeds the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform his past relevant work; (5) whether the claimant is able to perform any other work considering his age, education, and residual functional capacity.  Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 654 n.1; 20 C.F.R. § 404.1520.  If at any stage of the inquiry, the Commissioner determines that the claimant is or is not disabled, the inquiry is halted.  20 C.F.R. §§ 404.1520(a) and 416.920(a).

### III.     The ALJ's Decision

In her January 25, 2013, decision the ALJ found that Plaintiff is not disabled under Section 216(i) and 223(d) of the Social Security Act.  (T. 111.)  The ALJ made the following specific findings:

(1)     The claimant meets the insured status requirements of the Social Security Act through December 31, 2015.

(2)     The claimant has not engaged in substantial gainful activity since June 13, 2011, the alleged onset date (20 CFR 404.1571 *et seq.*).

(3)     The claimant has the following severe impairments:

degenerative disc disease, fibromyalgia, osteoarthritis, hypertension, and depression (20 CFR 404.1520(c).

(4) The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

(5) After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he can lift and carry up to twenty pounds occasionally and ten pounds frequently; stand or walk for four out of eight hours; and sit for six out of eight hours. The claimant can occasionally push or pull. He can never climb ladders, but can occasionally climb stairs, balance, stoop, kneel, crouch, or crawl. The claimant requires the option to sit or stand once every hour at his workstation. In addition, the claimant is limited to simple, routine tasks and frequent contact with supervisors, coworkers, and the public. He is limited to low stress work, which is defined as occasional decision making and occasional changes in work setting.

(6) The claimant is unable to perform any past relevant work (20 CFR 404.1565).

(7) The claimant was born on March 5, 1966 and was 45 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563).

(8) The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

(9) Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 C.F.R. Part 404, Subpart P,

>    Appendix 2).
>
> (10) Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).
>
> (11) The claimant has not been under a disability, as defined in the Social Security Act, from June 13, 2011, through the date of this decision (20 CFR 404.1520(g)).

(T. 103-111.)

### IV.   Standard of Review

Section 405(g) of Title 42 provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review, however, is limited. The Court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id. When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id.

Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that he is not disabled is supported by substantial evidence in the record, and whether the ALJ reached her decision based on the correct application of the law. Id.

V. Analysis[1]

In determining whether a claimant is disabled, the ALJ considers any medical opinions in the record together with the other relevant evidence. 20 C.F.R. § 404.1527(b). Medical opinions constitute statements from physicians and psychologist, as well as other acceptable medical sources, reflecting judgments about the nature and severity of the claimant's impairment, including the claimant's symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairment, and the claimant's physical or mental restrictions. 20 C.F.R. § 404.1527(a)(2). In evaluating and weighing medical opinions, the ALJ considers: "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." Johnson v. Barnhart, 434 F.3d, 653 (4th Cir.

---

[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

2005); see also 20 C.F.R. § 404.1527. The ALJ, however, will give a treating source's opinion "controlling weight" where it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record . . . ." 20 C.F.R. § 404.1527(c)(2); Mastro, 270 F.3d at 178. As the Fourth Circuit explained in Mastro:

> Thus, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig, 76 F.3d at 590. Under such circumstances, the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence. See Hunter, 993 F.2d at 35.

270 F.3d at 178.

Statements by medical sources that a patient is disabled, unable to work, or meets the listing requirements are not medical issues, but are administrative findings reserved for the Commissioner. SSR 96-5p, 1996 WL 374183 (Jul. 2, 1996); 20 C.F.R. § 404.1527(d). Because they are administrative findings, "treating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special significance." SSR 96-5p, 1996 WL 374183 (Jul. 2, 1996).

In addition, the ALJ must provide a good reason in the notice of the determination or decision for the weight he or she gives a claimant's treating

source opinions. 20 C.F.R. § 404.1527(c)(2); SSR 96-2p, 1996 WL 374188 (Jul. 2, 1996). Social Security Ruling 96-2p further provides that:

> the notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

In contrast to the opinion of a treating source, the opinion of a consultative examiner is not entitled to controlling weight. See generally SSR 96-2P, 1996 WL 374188, at *2 (July 2, 1996). A consultative examiner is a nontreating medical source. See 20 C.F.R. § 404.1502. As the pertinent regulation explains:

> Nontreating source means a physician, psychologist, or other acceptable medical source who has examined you but does not have, or did not have, an ongoing treatment relationship with you. The term includes an acceptable medical source who is a consultative examiner for us, when the consultative examiner is not your treating source.

20 C.F.R. § 404.1502. Of course, the ALJ may still give "great weight" to the opinion of a nontreating source and, under the right circumstances, may even find that it is entitled to greater weight than that of a treating source. See SSR 96-2P.

Plaintiff contends that the ALJ erred in assessing the medical opinion evidence in the record. Specifically, Plaintiff contends that the ALJ erred by: (1) failing to consider the medical opinions of his treating physicians Dr. Robert Clark and Dr. Mathew Hannibal; (2) failing to consider the opinion of Plaintiff's treating

psychiatrist Dr. Rebecca Moretz; and (3) only addressing the weight given to the opinions of the two DDS medical examiners in a conclusory fashion.

As a threshold matter, the Court agrees with Plaintiff that the ALJ's decision contains merely a conclusory statement by the ALJ as to why she assigned great weight to the medical opinions of Dr. Dakota Cox and Dr. Daniel Nelson. After providing a brief summary of both opinions, the ALJ found:

> These opinions are granted great weight pursuant to 20 CFR 404.1527, as Drs. Cox and Nelson are a high qualified physician and psychologist who are experts in the Social Security disability programs, the rules in 20 CFR 404.1527(f), and in the evaluation of the medical issues in disability claims under the Act. The medical evidence of record also supports these opinions.

(T. 109.) The ALJ, however, fails to offer any justification or explanation as to specifically what medical evidence in the record supports the opinions or how the opinions are consistent with the medical evidence. Instead, this Court is left to review the medical evidence and determine on its own how the medical evidence supports the decisions. And as the United States Court of Appeals has repeatedly warned in the context of other findings, these type of conclusory findings by an ALJ make meaningful review by this Court impossible. See Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015); Fox v. Colvin, __ F. App'x __, 2015 WL 9204287 (4th Cir. Dec. 17, 2015).

This is especially true in this situation because the ALJ failed to even

address the medical opinions of Plaintiff's treating physicians. On three separate visits in 2012, Dr. Moretz assigned Plaintiff GAF scores of 45. (T. 554, 556, 559.) "A GAF score of 45 indicates that the person has serious symptoms or serious impairment in social, occupational or school functioning." Powell v. Astrue, 927 F. Supp. 2d 267, 275 n.4 (W.D.N.C. 2013) (Reidinger, J.). Although a GAF score is merely a snapshot of a claimant's functioning at a specific moment in time, Powell, 927 F. Supp. 2d at 273, courts in this Circuit, as well as the Social Security Administration, have determined that the score is a medical opinion where it is assigned by an acceptable medical source, Emrich v. Colvin, 90 F. Supp. 3d 480, 491-92 (M.D.N.C. 2015); Kennedy-Garnett v. Colvin, No. 1:14CV198, 2015 WL 4158755, at *5 (M.D.N.C. Jul. 9, 2015); Clemins v. Astrue, No. 5:13cv00047, 2014 WL 4093424, at *12 (W.D. Va. Aug. 18, 2014); Cooke v. Colvin, 2014 WL 4567473, at *14 (W.D. Va. Sept. 12, 2014). The ALJ did not address these scores in her decision and did not discuss what weight, if any, she assigned to Dr. Moretz's opinions. While the Commissioner is correct that a GAF score is not dispositive of disability, it was incumbent on the ALJ to address the opinion of Plaintiff's treating psychiatrist, assign it some weight, address the conflicting evidence in the record, and provide sufficient legal reasoning in the decision as to the weight assigned to Dr. Nelson to allow this Court to conduct meaningful

review.  The Court cannot even say whether the ALJ even considered this opinion evidence, rending the Court unable to determine whether the decision of the ALJ is supported by substantial evidence without conducting the same type of factual inquiry that the Fourth Circuit chastised this Court for doing in Fox.  __ F. App'x __, 2015 WL 9204287.

Similarly, the ALJ failed to address the opinions of Plaintiff's treating physicians as to the severity of his spinal condition.  (T. 394. 509.)  Dr. Hannibal opined that "if [Plaintiff] does proceed with lumbar surgical intervention and in his current condition, I do not suspect he will return to any gainful employment with his condition as he currently presents.  I highly doubt that surgical intervention will stop this once he has made the decision to proceed."  (T. 509.)  While this opinion, much like a GAF score, may be of little actual evidentiary value, it is up to the ALJ, not this Court, to make that determination.  The ALJ assigned great weight to the decisions of the DDS medical examiners without assigning any weight to the opinions of Plaintiff's treating physicians or providing the Court with any actual analysis as how the medical evidence in the record supports the decisions of the DDS medical examiners or why the decisions are entitled to great weight despite conflicting evidence in the record.  Again, these are decisions left to the ALJ, not this Court, and the Court cannot say that the errors are harmless.  Accordingly, the

Court **RECOMMENDS** that the District Court **GRANT** Plaintiff's motion and **REMAND** this case.

VI. **Conclusion**

The Court **RECOMMENDS** that the District Court **DENY** the Commissioner's Motion for Summary Judgment [# 12], **GRANT** Plaintiff's Motion for Summary Judgment [# 10], and **REMAND** this case for further proceedings consistent with this Memorandum and Recommendation.

Signed: January 19, 2016

Dennis L. Howell
United States Magistrate Judge

**Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).